IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LARRY BARR and ELVA BARR,

      Plaintiffs,

v.                            Civil Action No. 5:14CV57
                                       (STAMP)
EQT PRODUCTION COMPANY,
a Pennsylvania Corporation,

      Defendant.

## MEMORANDUM OPINION AND ORDER
## AFFIRMING AND ADOPTING ORDER OF THE MAGISTRATE JUDGE,
## LIFTING STAY AND SCHEDULING HEARING

### I.  Procedural History

The plaintiffs, Larry Barr and Elva Barr, initially filed this action in the Circuit Court of Wetzel County, West Virginia.  The Barrs allege that the defendant, EQT Production Company ("EQT"), has been conducting activities on their property that constitute trespass and a nuisance.  EQT well pads are on the property in question.  The complaint consists of six counts: breach of contract, unjust enrichment, conversion, nuisance, negligence, and punitive damages.  The plaintiffs are seeking damages, both general and punitive; abatement of the activities on the plaintiffs' property by EQT; and a declaration by this Court that all the monies improperly obtained by EQT through its failure to pay royalties to the plaintiffs should be placed in a constructive trust.

The action was removed to this Court and a subsequent motion to remand was denied. The plaintiffs then filed a motion to compel. This Court referred the motion to United States Magistrate Judge James E. Seibert. The motion was then fully briefed and the magistrate judge held an evidentiary hearing. Thereafter, the magistrate judge entered an order granting the motion to compel and ordering EQT to supplement its responses to the plaintiffs' interrogatories and requests. Further, that order directed EQT to produce the supplemental information within fourteen days or by March 3, 2015. That order also scheduled a hearing on reasonable expenses for March 20, 2015. EQT then filed a motion to stay the magistrate judge's order pursuant to Federal Rule of Civil Procedure 72, along with objections to the magistrate judge's order.

This Court granted the motion to stay but made clear that it was not considering EQT's objections at that time. The plaintiffs then filed a response to the motion to stay and EQT's objections. EQT filed a reply thereto. Thus, consideration of the magistrate judge's order and EQT's objections is appropriate at this time.

## II. Applicable Law

As to nondispositive pretrial matters, a magistrate judge's ruling may be reversed only on a finding that the order is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a); 28 U.S.C. § 636(b)(1). "A finding is 'clearly erroneous' when although there

is evidence to support it, the reviewing court on the entire evidence is left with a definite and firm conviction that a mistake has been committed." <u>United States v. United States Gypsum Co.</u>, 333 U.S. 364, 395 (1948). In light of the broad discretion given to a magistrate judge in the resolution of nondispositive discovery disputes, the court should only overrule a magistrate judge's determination if this discretion is abused. <u>Detection Sys., Inc. v. Pittway Corp.</u>, 96 F.R.D. 152, 154 (W.D. N.Y. 1982).

## III. <u>Discussion</u>

Federal Rule of Civil Procedure 37(a) states, in relevant part, "a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Further, the rule specifically states that "[f]or purposes of this subdivision (a), an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." <u>Id.</u> at (a)(4).

Moreover, if a motion to compel is granted based on the above, "or if the disclosure or requested discovery is provided after the motion was filed[,] . . . the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising

that conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees." Id. at (a)(5). However, such payment is not ordered if:

> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or
> (iii) other circumstances make an award of expenses unjust.

Id.

A.    General Arguments in the Motion to Compel

In its motion to compel, the plaintiffs generally seek more sufficient answers to the interrogatories they served on EQT. EQT argues that the motion to compel should be dismissed as the plaintiffs did not confer with EQT prior to filing the motion to compel. In reply, the plaintiffs argue that they made a good faith effort to confer with EQT before filing a motion, that EQT had agreed to supplement its responses and did so, but that EQT's supplemental response remained deficient for the same reasons as before EQT agreed to supplement its responses.

The magistrate judge first found, overall, that the plaintiffs made a good faith effort to resolve the discovery dispute without court involvement and the plaintiffs were not required to meet and confer with EQT again after EQT filed its supplemental response. The magistrate judge based this finding on EQT's discovery

objections and previous communications between counsel for the parties.

This Court finds that the magistrate judge's finding as to the general arguments regarding the motion to compel is not clearly erroneous. As will be discussed below, EQT still needs to supplement some of its responses to the plaintiffs' interrogatories. Further, as the magistrate judge noted, plaintiffs' counsel had communicated with defense counsel regarding the plaintiffs' requests and EQT's objections thereto before filing the motion to compel. Plaintiffs' counsel had sent a seven page letter to defense counsel regarding its request and also communicated by telephone. The supplemental response received from EQT is still unsatisfactory. Thus, the plaintiffs, after reviewing the supplemental response, filed a motion to compel. This Court finds that the magistrate judge's finding that the plaintiffs attempted in good faith to resolve the discovery issue before filing their motion to compel, based on the facts stated above, is not clearly erroneous.

The magistrate judge then noted that the plaintiffs are now satisfied with some of EQT's responses and thus the plaintiffs now only seek an order compelling EQT to supplement its responses to Interrogatory Nos. 2(a), 2(g), 4(b), 4(c), 5(a), 5(b), and 5(c); and Request for Production Nos. 2, 4, and 5. This Court will review those requests in turn.

B.   Interrogatories and Requests for Production

Absent a court order limiting the scope of discovery, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense." Fed. R. Civ. P. 26(b)(1). But, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Id. In addition, relevant information "need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Id. Thus, "the discovery rules are given 'a broad and liberal treatment.'" Nat'l Union Fire Ins. Co. of Pittsburgh, P.A. v. Murray Sheet Metal Co., 967 F.2d 980, 983 (4th Cir. 1992) (quoting Hickman v. Taylor, 329 U.S. 495, 507 (1947)). "[T]he party asserting that the information requested is not relevant . . . bears the burden of establishing that the information is not relevant." Kidwiler v. Progressive Paloverde Ins. Co., 192 F.R.D. 193, 199 (N.D. W. Va. 2000).

1.   Interrogatory No. 2: Information Regarding Royalty Payments

a.   Subpart 2(a)

The plaintiffs argue that EQT should be compelled to produce evidence regarding the date it first realized it owed royalties to the plaintiffs.  EQT asserts that it has fully and completely responded to these requests as it has gone so far as to provide title opinion information in its possession as part of the confidential settlement negotiations and agreement.  In response,

the plaintiffs argue that EQT has still failed to answer subpart (a) and has offered no reason for not doing so.

As EQT reasonably believes that the plaintiffs are entitled to royalties and all that EQT must provide is the day that EQT first came to this belief, the magistrate judge found that this information should be provided. The magistrate judge further found that this information is relevant to the underlying contentions in this case.

In its objections, EQT asserts that it has responded truthfully and completely to this request as the plaintiffs' ownership interest in the oil and gas estate has not been definitively determined and EQT has paid royalties that are owed, based on EQT's belief. Thus, EQT argues that it cannot give a specific date as demanded by the plaintiffs because the ownership issue has not yet been determined and thus it cannot provide a date for such knowledge.

The plaintiffs respond that EQT knew by at least September 13, 2013, based on emails between counsel for the parties, that the plaintiffs were entitled to royalties and that EQT has failed to investigate the actual date of knowledge in good faith.

Despite EQT's objections, EQT has stated in its responses that it reasonably believes the plaintiffs are entitled to royalties. The request to supply a date is not overly burdensome to EQT as the plaintiffs themselves have provided at least a date, September 13,

2013, that EQT can use as a starting point to determine when EQT knew royalties were due to the plaintiffs. Further, the plaintiffs note that EQT states that the parties discussed whether the plaintiffs were entitled to royalties in February 2013. As such, EQT is in a position to produce such information.

The information requested is also relevant under the broad discovery standards. Therefore, the magistrate judge's finding of the same is not clearly erroneous. EQT is to provide a complete and detailed response to the question asked in Interrogatory No. 2(a) within fourteen days from the date of this Order.

      b.   <u>Subpart 2(g)</u>

The plaintiffs contend that EQT should be compelled to produce itemized evidence regarding EQT's admission to plaintiffs' interrogatory as to whether EQT had deducted post-production costs. EQT argues that it has fully and completely responded to subpart (g) as it provided information for the two wells in question and also provided in its response the method it uses for making deductions. The plaintiffs argue that EQT has still failed to fully respond to subpart (g) in that EQT has not provided an itemization and amount, by specific category, of any deductions.

The magistrate judge found that this information should be provided as EQT has not contended that a break down of the deduction information would be unduly burdensome. Further, the magistrate judge found the information to be relevant.

8

EQT asserts in its objections that such information, categorizing and itemizing the costs above, is not maintained by EQT but instead by EQT Energy, LLC ("EQT Energy"). Thus, EQT argues that its objection to providing this information was substantially justified as the parties have a genuine and reasonable dispute over the production of the same.

The plaintiffs argue that it is irrelevant whether EQT has actual control of the documents. What is important, the plaintiffs assert, is EQT's legal right, authority, or practical ability to obtain the information sought. The plaintiffs contend that because EQT and EQT Energy are separate only in form, as there is significant overlap between the two as EQT has the practical ability to obtain the information as it exercises "control" over EQT Energy and cannot claim that it is unable to provide itemization.

Federal Rule of Civil Procedure 34(a) allows any party to serve on any other party a request for documents which are "in the responding party's possession, custody, or control." Fed. R. Civ. P. 34(a). "In the context of Fed. R. Civ. P. 34(a), so long as the party has the legal right or ability to obtain the documents from another source upon demand, that party is deemed to have control." Knisely v. Nat'l Better Living Ass'n, Inc., No. 3:14-CV-15, 2015 WL 574703, at *12 (N.D. W. Va. Feb. 11, 2015), rev'd in part for unrelated reasons, No. 3:14-CV-15, 2015 WL 1097390 (N.D. W. Va.

Mar. 11, 2015) (citing <u>Mercy Catholic Med. Ctr. v. Thompson</u>, 380 F.3d 142, 160 (3d Cir. 2004). Moreover, "it is well established that 'control' under [Rule 34] is to be broadly construed so that a party may be obligated to produce documents requested even though it may not actually possess the documents." <u>Id.</u>; (citing <u>Uniden Am. Corp. v. Ericsson Inc.</u>, 181 F.R.D. 302, 308 (M.D.N.C. 1998) (granting motion to compel and requiring the defendant to seek records from its sister company) (other citation omitted)).

Given the authority cited above, this Court finds that it would not be unduly burdensome for EQT to produce the information sought in Interrogatory No. 2(g). The documents from EQT Energy may not be under the "control" of EQT in the traditional sense, but are under the "control" of EQT under the liberal discovery standards. EQT and EQT Energy are under the same broad umbrella of EQT Corporation (the parent corporation) and have several overlapping characteristics. Additionally, the information requested is relevant under the broad discovery standards. Thus, this Court finds that the magistrate judge's finding requiring the production of documents requested under subpart 2(g) is not clearly erroneous. EQT is thus required to provide a complete, and categorical response to the question asked in Interrogatory No. 2(g) within fourteen days from the date of this order.

2.  <u>Interrogatory No. 4, subparts b and c</u>

The plaintiffs contend that EQT should be compelled to produce evidence regarding the date oil or gas was first produced in paying quantities, any delay in royalties from that production, and why such a delay occurred.  The plaintiffs argue that the request was not vague as it specifically referred to the plaintiffs' 61.83 acres.  The plaintiffs further assert that the request is directly related to the plaintiffs' underlying claims.

EQT argues that it has provided the plaintiffs with dates of production and dates that it has paid royalties to the plaintiffs. EQT states that it has provided information based on production from the two wells on plaintiffs' property and that, otherwise, "paying quantities" is ambiguous and it should be found to have fully and completely responded.  The plaintiffs contend that "paying quantities" is a widely-used term in the oil and gas industry that EQT should know as that term is applied to production.  Thus, the plaintiffs assert that EQT must provide the information requested.

In his order, the magistrate judge noted that the duplication of data is not enough to sustain an objection to an interrogatory. Thus, the magistrate judge found that because this information is relevant, EQT should provide such information.

a. <u>Subpart 4(b)</u>

EQT reviews in its objections what it has provided the plaintiffs and states that it has provided the plaintiffs with a clear answer along with records to support the same. The plaintiffs argue that EQT has not previously provided the specific response of "46 months and 14 days" or ever stated that it was unable to determine an exact date based on a review of their records. Thus, the plaintiffs assert that EQT's objection was not substantially justified.

This Court finds that EQT's objection is not substantially justified for the reasons outlined by the plaintiff. EQT failed to answer Interrogatory No. 4(b) specifically until its objections. The purpose of discovery is "for parties to obtain the fullest possible knowledge of issues and facts before trial." <u>Mitchell v. Roma</u>, 265 F.2d 633, 636 (3d Cir. 1959) (citing <u>Hickman v. Taylor</u>, 329 U.S. 495, 501 (1947)). Further, the purpose of interrogatories, specifically, is to not only elicit information which is reasonably calculated to lead to discovery of admissible evidence, but also to encourage efficiency during pretrial and trial proceedings by narrowing the issues to only those that are meritorious. <u>See</u> Fed. R. Civ. P. 26; <u>Woods v. Kornfeld</u>, 9 F.R.D. 196, 198 (M.D. Pa. 1949). EQT's delay in answering Interrogatory No. 4(b) is not in line with these purposes. Thus, the magistrate

judge's finding that EQT is required to produce a date is not clearly erroneous.

      b.   Subpart 4(c)

EQT asserts that it has explained any delay in royalty payments which was based on the unsubstantiated ownership interest in the property, which is the burden of the person asserting ownership (not EQT). Thus, EQT argues that it has fully responded to this request. The plaintiffs contend that EQT may not use the argument above as EQT began drilling and production before having such information and eventually paid royalties without that information. Thus, the plaintiffs argue that EQT's objection was not substantially justified.

This Court finds that EQT did not fully answer Interrogatory No. 4(c) until its objections. EQT's response that it began to pay royalties based on a business decision because it reasonably believed the plaintiffs were owed such royalties, despite its questions regarding ownership, answered the interrogatory fully. However, this answer was given during objections and thus its objection was not substantially justified. Again, interrogatories are used to promote more efficient litigation procedures. As such, this Court finds that the magistrate judge's finding regarding this interrogatory is not clearly erroneous.

3.    Interrogatory No. 5, subparts (a)-(c)

The plaintiffs argue that EQT should be compelled to produce evidence regarding any marketing of the oil and gas obtained from the plaintiffs' property and the total amount marketed, revenues from the sale, and royalties based on those sales.  The plaintiffs assert that this information is directed to the plaintiffs' underlying claims.  EQT contends that it has provided the plaintiffs with information regarding the two wells relevant to the plaintiffs and that information regarding any other non-party lessors is irrelevant to this action.

The plaintiffs respond that as to subparts 5(a) and 5(b), EQT has not provided the evidence requested and should be directed to provide more specific responses.  As to subpart 5(c), the plaintiffs argue that the information regarding other leaseholders is relevant to determining the amount of royalties owed to the plaintiffs as such a comparison will allow the plaintiffs to understand EQT's accounting practices.

In his order, the magistrate judge found, as to subparts 5(a) and 5(b), that EQT should be required to provide this information reasoning that if this information had already been provided by EQT, the plaintiffs would not have had to request it again. Further, the magistrate judge found that the information sought is relevant.  As to 5(c), the magistrate judge found that EQT's response that this request is "overly broad, burdensome, oppressive

and irrelevant" was insufficient and that the information is relevant.

     a.   <u>Subparts 5(a) and (b)</u>

EQT contends that it has provided all of the information requested by the plaintiffs (citing Exhibit D of its objections). The plaintiffs assert that a concrete number for each subpart of the interrogatory is needed as the spreadsheets provided by EQT are difficult to understand as they use codes and abbreviations specific to EQT. Further, the plaintiffs argue that it was reported to the West Virginia Department of Environmental Protection ("WVDEP") that production had occurred at one of the wells in 2011 and that information is not contained in the spreadsheets provided by EQT.

Given the WVDEP report, it appears that there may be some information missing from Exhibit D. However, it is hard for this Court to make such a finding as the information provided in EQT's Exhibit D is difficult to understand. Given this Court's own difficulty, this Court must find that EQT's response does not meet the specificity requirement for a response to an interrogatory. <u>Haynes v. Navy Fed. Credit Union</u>, 286 F.R.D. 33, 37 (D.D.C. 2012) (requiring more specificity when documents were provided in lieu of an answer to an interrogatory). The information is also relevant to the plaintiffs' claims. As such, this Court finds that the magistrate judge's finding is not clearly erroneous. EQT is to

15

provide a complete and detailed response to the questions asked in Interrogatory Nos. 5(a) and 5(b) within fourteen days of the date of this order.

b. <u>Subpart 5(c)</u>

EQT reiterates its objections that this information is irrelevant as it pertains to leaseholders who are not parties to this suit and argues that this position is substantially justified. The plaintiffs reiterate that they are seeking information regarding other lessors so that they can verify the accuracy of the royalty payments paid to them which would lead to the discovery of whether or not EQT has properly paid out royalties to the plaintiffs. Otherwise, the plaintiffs reiterate their earlier arguments for this information.

Despite EQT's objections, the information sought by the plaintiffs is relevant given the broad discovery standards that are applicable and the concept that discoverable evidence does not necessarily have to be admissible evidence. Fed. R. Civ. P. 26(b)(1) ("relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence."). Information from other lessors may lead to the discovery of evidence regarding the accuracy of EQT's royalty payments to the plaintiffs. If EQT believes that some of the information that may be disclosed would require a protective order, then it may file a request for a

protective order.  However, in its objections, EQT makes the same

"recitation of the familiar litany that an interrogatory . . .

request is overly broad, burdensome, oppressive, and irrelevant,"

which is insufficient.  <u>PLX, Inc. v. Prosystems, Inc.</u>, 220 F.R.D.

291, 293 (N.D. W. Va. 2004).  Thus, the magistrate judge's finding

is not clearly erroneous.  EQT is to provide a complete and

detailed response to the question asked in Interrogatory No. 5(c)

within fourteen days from the date of this order.

    4.  <u>Request No. 2</u>

The plaintiffs assert that EQT should be compelled to produce

paper or electronic evidence regarding the acquisition of the

assignment and/or lease.  The plaintiffs contend that the request

is not overly broad as it pertains to the acquisition of the

assignment and/or the lease.  Further, the plaintiffs assert that

a simple review of the file should reveal any such information and

thus is not burdensome.  Finally, the plaintiffs assert that the

information is relevant to their claims and it is irrelevant

whether the request seeks information regarding other tracts.

EQT asserts that its acquisition of the lease is not in

dispute as the parties have agreed that EQT rightfully acquired the

assignment of the lease.  Further, EQT argues that it again

contends the plaintiffs' assertion that it is entitled to the lease

and royalty information of other leaseholders as those leases are

not in controversy in this action and that information is mostly

confidential. Finally, EQT contends that the information it has provided is sufficient for the purposes the plaintiffs have cited. In response, the plaintiffs reiterate their argument as to why this information is relevant.

The magistrate judge found that EQT's response was insufficient (for the same reason as 5(c)) and that the duplication of data is an insufficient reason to not respond. Further, the magistrate judge found that if EQT was worried about confidential shareholder information, it could have and still can seek a protective order.

In its objections, EQT reasserts that there is no "Barr-specific" lease file and that there are numerous wells that produce gas from the tract but only two of those are involved in this case. EQT asserts that it has provided the plaintiffs with information that is relevant to them. However, EQT then argues that it is not required to provide information that is covered by the attorney-client privilege or pertains to confidential leaseholder information regarding persons that are not parties to this action.

In response, the plaintiffs first reiterate their earlier arguments. The plaintiffs next argue that EQT served a privilege log that was entirely without any detail and thus has waived its claim of privilege.

The Court adopts its previous finding that the information regarding other leaseholders is relevant pursuant to the broad discovery standards. Further, "the burden is on the proponent of the attorney-client privilege to demonstrate its applicability[,]" which EQT has failed to do here. United States v. Jones, 696 F.2d 1069, 1072 (4th Cir. 1982). EQT, other than stating that the information sought is confidential and that it has served a privilege log, which this Court has not been privy to, has provided no other argument regarding an attorney-client privilege claim. See, infra, pg. 16 (regarding this Court's ruling on EQT's argument regarding the confidentiality of this evidence).

Finally, this Court finds that the other information requested is relevant and targeted toward discoverable relevant evidence. The information regarding the acquisition of the lease will allow the plaintiffs to establish the origin of the assigned lease, who is responsible, and what the plaintiffs may be entitled to at this time. Thus, this Court finds that the magistrate judge's finding is not clearly erroneous. EQT is to produce all documents, writings, files, electronic files, electronic mail, logs, diaries, telephone logs, memos, etc. maintained by anyone contained within any file created or maintained with respect to the acquisition of the assignment and/or lease within fourteen days from the date of this order.

5.   <u>Request No. 4</u>

The plaintiffs assert that EQT should be compelled to produce paper or electronic evidence regarding its method of calculating royalties owed to leaseholders surrounding the Big 57 well site. The plaintiffs argue that the request is not overly broad because it specifically refers to the Big 57 well site.   Further, the plaintiffs contend that it is relevant that the request covers leaseholders not a party to this action as those documents may be relevant to the plaintiffs' action.   Additionally, the plaintiffs assert that EQT has provided no explanation why the evidence is covered by the attorney-client privilege or work product doctrine. Finally, the plaintiffs assert that even though they have check stubs that may reveal some of the information, they are still entitled to discovery of the documents.

EQT argues that it has fully and completely responded to the plaintiffs' request.   Further, EQT reiterates its assertions regarding information about other leaseholders.   In reply, the plaintiffs reiterate their arguments as to the relevance of this information in response.

The magistrate judge found that EQT has merely made blanket assertions as to attorney-client privilege which is not enough to support its objection.   Further, the magistrate judge found that the information is relevant and that EQT may seek a protective order for the information if needed.

In its objections, EQT reiterates its argument regarding information about other leaseholders and their royalty payments. Further, EQT contends that it has provided all other information requested by the plaintiffs. On the other hand, the plaintiffs argue that even given the information that has been provided by EQT, EQT has still failed to provide figures that are used when it calculates the plaintiffs' decimal interests or what index it uses for calculations. Thus, the plaintiffs assert that EQT's objections were not substantially justified.

As to information regarding other leaseholders, this Court adopts its previous holding. Further, this Court finds that EQT should be required to provide figures that are used to calculate the plaintiffs' decimal interests or the index that is used for such calculations, as that information is relevant given the broad discovery standards. As such, the magistrate judge's finding is not clearly erroneous. Thus, EQT is to produce a copy of figures that are used to calculate the plaintiffs' decimal interest or any index that is used for such calculations relating to the Big 57 well site within fourteen days from the date of this order.

6. <u>Request No. 5</u>

This request is the same as Request No. 4 except the plaintiffs specifically request any method used for payments for which EQT admits the plaintiffs are entitled. EQT asserts that it has fully and completely responded to this request and it is

unclear what else the plaintiffs are seeking. The plaintiffs reiterate their arguments as to the relevance of this information.

The magistrate judge found that EQT's general objection was insufficient, that the information is relevant as to how the plaintiffs' royalty payments are generated, and it is unlikely the plaintiffs would request information that has already been produced.

EQT asserts in its objections that it has fully and completely responded to this request. The plaintiffs make the same arguments as they made for Request No. 4, above.

For the same reasons as cited for Request No. 4, this Court finds that EQT should also be compelled to provide the information sought in Request No. 5. As such, the magistrate judge's finding is not clearly erroneous. EQT is to produce a copy of any worksheet, spreadsheet, papers, writings, or documents reflecting the method by which it is that EQT calculated any royalty payment to which EQT admits the plaintiffs are entitled within fourteen days from the date of this order.

## IV. Conclusion

Based on the analysis above, the magistrate judge's order is AFFIRMED and the defendant's objections thereto are OVERRULED. The plaintiffs' motion to compel responses to Interrogatory Nos. 2(a), 2(g), 4(b), 4(c), 5(a), 5(b), and 5(c) and Request for Production Nos. 2, 4, and 5 is GRANTED. The defendant is DIRECTED to respond

to the plaintiffs' discovery requests, in accordance with this order, within fourteen days of the date of this order. Within fourteen days of the date of this order, the plaintiffs shall submit a financial affidavit of reasonable expenses. A hearing on reasonable expenses will be held by Magistrate Judge James E. Seibert on **June 5, 2015 at 1:30 p.m**, in the Magistrate Judge Courtroom, Federal Building, Fourth Floor, Wheeling, West Virginia.[1]

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    May 12, 2015


/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE

---

[1]This Court notes that EQT has submitted a Federal Rule of Civil Procedure 68 notice of offer of judgment. ECF No. 51. The hearing on reasonable expenses has thus been scheduled to occur after the offer of judgment expires.