IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

LARRY BARR and ELVA BARR,

    Plaintiffs,

v.                                  Civil Action No. 5:14CV57
                                                    (STAMP)
EQT PRODUCTION COMPANY,
a Pennsylvania corporation,

    Defendant.

**MEMORANDUM OPINION AND ORDER**
**GRANTING AS FRAMED PLAINTIFFS' MOTION TO AMEND**

I. Background

The plaintiffs, Larry Barr and Elva Barr ("the Barrs"), initially filed this action in the Circuit Court of Wetzel County, West Virginia. It was subsequently removed to this Court by the defendant, EQT Production Company ("EQT"). The plaintiffs allege that EQT has been conducting activities on their property that constitute trespass and a nuisance given the EQT well pads that are on their property. The complaint consists of six counts: breach of contract, unjust enrichment, conversion, nuisance, negligence, and punitive damages. The plaintiffs are seeking damages, both general and punitive; abatement of the activities on the plaintiffs' property by the defendant; and a declaration by this Court that all the monies improperly obtained by EQT through its failure to pay royalties to the plaintiffs should be placed in a constructive trust.

The plaintiffs have now filed a motion to amend the complaint to add additional claims and parties. The plaintiffs first review in their motion that this Court granted an extension of the deadline for joinder of parties and amendment of pleadings to April 27, 2015. The plaintiffs filed this motion on April 27, 2015. The plaintiffs assert that through discovery, they have uncovered that the defendant and other EQT entities are involved in a "design and plan to continue to avoid payment to lessors . . . all of the royalties due to them." The plaintiffs argue that through a false sale, the defendant and other EQT entities are able to shift costs to the lessors rather than assuming those costs themselves. The plaintiffs thus seek to add five EQT entities as defendants, and to add "all others similarly situated" as plaintiffs. Thus, the plaintiffs are seeking to make this a class action. In adding new parties, the plaintiffs have also asserted new causes of action: declaratory judgment; breach of contract; and violations of West Virginia Code § 22-6-8 (which provides a cause of action for the inadequate compensation for oil and gas production).

In response, EQT asserts that the plaintiffs' motion should not be granted because a federal class action suit involving the same or similar claims is already pending, <u>The Kay Co., LLC v. EQT Production Company</u>, Civil Action No. 1:13CV151-JPB. EQT argues that the "first-filed rule" must govern because there are two concurrent pending federal actions seeking relief for the same

alleged conduct, Kay Co. was filed first, and there are no compelling circumstances to avoid the first-filed rule.  Further, EQT contends that the plaintiffs may even be required to be joined to the Kay Co. action.  EQT argues, in addition, that the plaintiffs have failed to outline a basis for the joinder of the additional defendants as they are not parties to the lease in question and have no contractual or other relationship with the plaintiffs.  Finally, EQT asserts that requiring EQT and the other proposed defendants to defend two competing class actions directed at the same alleged conduct would be unduly prejudicial.  Thus, EQT contends that the amendment would be both futile and prejudicial.

In its reply, the plaintiffs argue that EQT's argument is premature because the proposed class in Kay Co. has not been certified and could fail to be certified for a number of reasons. Further, the plaintiffs assert that EQT fails to recognize that the plaintiffs are seeking to not just add plaintiffs but also to add causes of action that only came to light after discovery.  Finally, the plaintiffs contend that they have outlined a basis for the joinder of the additional defendants based on their claims in the amended complaint that the defendants are jointly and severally liable for a joint venture.

3

This motion is ripe for review and this Court will now consider it. For the reasons that follow, this Court finds that the plaintiffs' motion to amend is granted.[1]

## II. Applicable Law

Federal Rule of Civil Procedure 15(a)(1)(A) states, in pertinent part, that "[a] party may amend its pleading once as a matter of course . . . before being served with a responsive pleading." If a party seeks to amend its pleadings in all other cases, it may only do so "with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

Rule 15(a) grants the district court broad discretion concerning motions to amend pleadings, and leave should be granted absent some reason "such as undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment or futility of the amendment." Foman v. Davis, 371 U.S. 178, 182 (1962); see also Ward Elec. Serv. v. First Commercial Bank, 819 F.2d 496, 497 (4th Cir. 1987); Gladhill v. Gen. Motors Corp., 743 F.2d 1049, 1052 (4th Cir. 1984).

---

[1] This Court notes that an offer of judgment is still open in this case. It will close, at the end of business, May 25, 2015.

III. Discussion

EQT asserts two of the elements from Foman that it believes should bar the plaintiffs' motion to amend: undue prejudice and futility. This Court will review those assertions in turn.

A. Undue Prejudice: The First-Filed Rule

EQT argues that allowing the plaintiffs to amend their complaint to transform this suit into a class action and add the additional defendants would be unduly prejudicial under the "first-filed rule." On the other hand, the plaintiffs contend that it is unclear whether the pending case cited by EQT, Kay Co., will actually result in a certified class as certification has not yet taken place. Thus, the plaintiffs assert that the application of the "first-filed rule" at this juncture is premature.

"The well-established rule is that in cases of [federal] concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'" Northwest Airlines, Inc. v. American Airlines, Inc., 989 F.2d 1002, 1005 (8th Cir. 1993) (quoting Orthmann v. Apple River Campground Inc., 765 F.2d 119, 121 (8th Cir. 1985)); see also Nutrition & Fitness, Inc. v. Blue Stuff, Inc., 264 F. Supp. 2d 357, 360 (W.D.N.C. 2003); Columbia Plaza Corp. v. Security Nat'l Bank, 525 F.2d 620, 626 (D.C. Cir. 1975) (stating "[s]ound judicial administration counsels against separate proceedings, and the wasteful expenditure of energy and money incidental to separate litigation of identical

5

issues should be avoided"). The United States Court of Appeals for the Fourth Circuit has stated that the first filed case should have priority absent a showing of a balance of convenience in favor of the second filed action. See Learning Network, Inc. v. Discovery Communications, Inc., 11 F. App'x 297, 300 (4th Cir. 2001).

The decision to invoke the first-filed rule is an equitable determination that is made on a case-by-case, discretionary basis. Plating Resources, Inc. v. UTI Corp., 47 F. Supp. 2d 899, 903 (N.D. Ohio 1999); Guthy-Renker Fitness, L.L.C. v. Icon Health & Fitness, Inc., 179 F.R.D. 269, 270 (C.D. Cal. 1998). This determination is not entirely ungoverned; courts have recognized three factors to be considered in determining whether to apply the first-filed rule: (1) the chronology of the filings, (2) the similarity of the parties involved, and (3) the similarity of the issues at stake. E.g., Plating Resources, 47 F. Supp. 2d at 903.

Moreover, even if a court finds the first-filed rule applicable, it may still make the discretionary determination that the rule should be ignored as a result of "special circumstances," such as forum shopping, anticipatory filing, or bad faith filing. Equal Employment Opportunity Comm'n v. Univ. of Pa., 850 F.2d 969, 976 (3d Cir. 1988) (citations omitted); 800-Flowers, Inc. v. Intercontinental Florist, Inc., 860 F. Supp. 128, 132 (S.D.N.Y. 1994); Hop-In Food Stores, Inc. v. S & D Coffee, Inc., 642 F. Supp. 1106, 1107 (W.D. Va. 1986). If a court determines that the suit

first filed with it should be disregarded in favor of the later-filed suit, the court may stay its proceedings, dismiss the case entirely, or transfer the case to its sister court. Big Baby Co. v. Schecter, 812 F. Supp. 442, 443 (S.D. N.Y. 1993).

In this case, the Court agrees with the plaintiffs that the application of the first-filed rule at this time would be premature. It is unclear whether or not the parties and the issues in this case and Kay Co. will in fact be similar enough to invoke the first-filed rule. At this time, the proposed class in Kay Co. has not been certified. Further, the process of class certification is not always a simple one given the requirements for such a certification.[2] Thus, it is unclear whether that case will in fact proceed as a class action and whether the issues that EQT argues overlap will actually be heard in that action. As such, although Kay Co.'s action was filed first, what would make it similar to this case, given the proposed amended complaint, is not immediately clear and is only speculative at this time. At the least, the second and third factors listed above are not yet met, Plating Resources, 47 F. Supp. 2d at 903, and given the deferential

---

[2] "Rule 23(a) states four threshold requirements applicable to all class actions: (1) numerosity (a 'class [so large] that joinder of all members is impracticable'); (2) commonality ('questions of law or fact common to the class'); (3) typicality (named parties' claims or defenses 'are typical . . . of the class'); and (4) adequacy of representation (representatives 'will fairly and adequately protect the interests of the class')." Amchem Products, Inc. v. Windsor, 521 U.S. 591, 613 (1997).

standard for granting a motion to amend under Foman, this Court cannot find that the plaintiffs' motion should be denied.

However, this Court notes that Kay Co. is set for trial January 19, 2016, prior to the March 1, 2016 trial date in this action. Accordingly, it may become apparent at a later time that because of the issues and parties in Kay Co., i.e. a class certification has been given, an application of the first-filed rule would be appropriate. Thus, this Court is granting the motion to amend as framed and will allow the first-filed rule argument to be raised again in the future, if deemed appropriate at that time.

B. Futility

EQT also asserts that joining the additional defendants would be futile as the plaintiffs have failed to allege an actual connection between the defendants and the plaintiffs. The plaintiffs argue that they have alleged such a connection, given their claim that the defendants are jointly and severally liable for the complained of conduct.

For a motion to amend to be denied for futility, the amendment must be "clearly insufficient or frivolous on its face." Johnson v. Oroweat Foods Co., 785 F.2d 503, 510-511 (4th Cir. 1986). "Courts generally favor the 'resolution of cases on their merits' . . . [t]hus the substantive merits of a proposed claim [or defense] are typically best left for later resolution, e.g., motions to dismiss or for summary judgment, . . . or for resolution

at trial." Rambus, Inc. v. Infineon Tech., AG, 304 F. Supp. 2d 812, 819 (E.D. Va. 2004) (quoting Davis v. Piper Aircraft Corp., 615 F.2d 606, 613 (4th Cir. 1980)).

Under West Virginia law, "all partners are jointly liable for all debts and obligations of a partnership, . . . members of a joint venture are likewise jointly and severally liable for all obligations pertaining to the venture, and the actions of the joint venture bind the individual co-venturers." Armor v. Lantz, 535 S.E.2d 737, 743 (W. Va. 2000).

In their amended complaint, the plaintiffs assert that the defendants "are engaged in a joint venture, and are acting in concert with one another" to promulgate the alleged tortuous conduct. Given the deferential treatment of a motion to amend, which is usually not the place to consider the substantive merits of a party's claim, this Court must find that the addition of the new claims would not be futile. The plaintiffs have provided claims that appear to apply to EQT and the other EQT entities that are proposed defendants. Thus, this Court cannot find that futility is a bar to the motion to amend.

## IV. Conclusion

Based on the analysis above, this Court finds that the plaintiffs' motion to amend complaint and join additional parties is GRANTED AS FRAMED. The plaintiffs are therefore DIRECTED to file their amended complaint.

The parties, specifically the defendants, are DIRECTED to advise this Court of the status of <u>The Kay Co., LLC v. EQT Production Company</u>, Civil Action No. 1:13CV151-JPB, and the denial or granting of class certification.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:   May 22, 2015

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE
